**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CINDY LOU COWLES, : | |
|    Plaintiff, : | |
| : | |
| v. : | Civil No. 3:17CV1229 (AWT) |
| : | |
| NANCY A. BERRYHILL, : | |
| ACTING COMMISSIONER OF SOCIAL : | |
| SECURITY, : | |
|    Defendant. : | |

## ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

The plaintiff argues, inter alia, that the Administrative Law Judge ("ALJ") failed to properly weigh medical opinion evidence. See Pl.'s Mem. to Reverse (Doc. No. 14-2) at 2.

The defendant argues that the ALJ applied the correct legal standard and that the Decision is supported by substantial evidence. See Def.'s Mem. to Affirm ("Doc. No. 19-1") at 18.

The court concludes that, at minimum, the ALJ failed to follow the treating physician rule when weighing the opinion of the plaintiff's treating physician, Dr. Aurora Leon Conde[1] which, standing alone, warrants remand.

"[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)).

"[I]f controlling weight is not given to the opinions of the treating physician, the ALJ . . . must specifically explain the weight that is actually given to the opinion." Schrack v. Astrue, 608 F. Supp. 2d 297, 301 (D. Conn. 2009) (citing Schupp

---

[1] The plaintiff and the ALJ use different versions of the doctor's name. See Doc. No. 19-1 at 4 n.2. The doctor refers to herself at times as Dr. Aurora Leon Conde, and that is the name the court uses because it includes both the Leon and Conde variations and is consistent with the record. See e.g. R. at 1744.

2

v. Barnhart, No. Civ. 3:02CV103 (WWE), 2004 WL 1660579, at *9 (D. Conn. Mar. 12, 2004)). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir. 1999) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998)). These reasons must be stated explicitly and set forth comprehensively. See Burgin v. Asture, 348 F. App'x 646, 649 (2d Cir 2009) ("The ALJ's consideration must be explicit in the record."); Tavarez v. Barnhart, 124 F. App'x 48, 49 (2d Cir. 2005) ("We do not hesitate to remand when the Commissioner . . . do[es] not comprehensively set forth reasons for the weight assigned . . . .") (internal quotation marks and citation omitted); Reyes v. Barnhart, 226 F. Supp. 2d 523, 529 (E.D.N.Y. 2002)("rigorous and detailed" analysis required).

The ALJ's explanation should be supported by the evidence and be specific enough to make clear to the claimant and any subsequent reviewers the reasons and the weight given. See 20 C.F.R. § 404.1527(f)(2); SSR 96-2p (applicable but rescinded March 27, 2017, after the date of the ALJ's decision).

In determining the amount of weight to give to a medical opinion, the ALJ must consider all of the factors set forth in § 404.1527(c): the examining relationship, the treatment relationship (the length, the frequency of examination, the nature and extent), evidence in support of the medical opinion,

3

consistency with the record, specialty in the medical field, and any other relevant factors. See Schaal, 134 F.3d at 504 ("all of the factors cited in the regulations" must be considered to avoid legal error).

> [W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history "even when the claimant is represented by counsel or . . . by a paralegal." Perez, 77 F.3d at 47; see also Pratts, 94 F.3d at 37 ("It is the rule in our circuit that 'the ALJ, unlike a judge in a trial, must [] affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'[. . .].") (citations omitted).

Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). See also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118-19 (2d Cir. 1998) (holding that the ALJ should have sought clarifying information sua sponte because the doctor might have been able to provide a supporting medical explanation and clinical findings, that failure to include support did not mean that support did not exist, and that the doctor might have included it had he known that the ALJ would consider it dispositive).

> Gaps in the administrative record warrant remand . . . . Sobolewski v. Apfel, 985 F. Supp. 300, 314 (E.D.N.Y.1997); see Echevarria v. Secretary of Health & Hum. Servs., 685 F.2d 751, 755-56 (2d Cir. 1982). . . .
>
> The ALJ must request additional information from a treating physician . . . **when a medical report contains a conflict or ambiguity that must be resolved**, the report is missing necessary information, or the report does not seem to be based on medically acceptable clinical and diagnostic techniques. Id. § 404.1512(e)(1). When "an ALJ perceives **inconsistencies in a treating physician's report, the ALJ bears an affirmative duty to seek out more information from**

4

> **the treating physician and to develop the administrative record accordingly,**" Hartnett, 21 F. Supp. 2d at 221, **by making every reasonable effort to re-contact the treating source for clarification** of the reasoning of the opinion. Taylor v. Astrue, No. 07-CV-3469, 2008 WL 2437770, at *3 (E.D.N.Y. June 17, 2008).

Toribio v. Astrue, No. 06CV6532(NGG), 2009 WL 2366766, at *8-*10 (E.D.N.Y. July 31, 2009)(emphasis added)(holding that the ALJ who rejected the treating physician's opinion because it was broad, "contrary to objective medical evidence and treatment notes as a whole", and inconsistent with the state agency examiner's findings had an affirmative duty to re-contact the treating physician to obtain clarification of his opinion that plaintiff was "totally incapacitated").

In determining whether there has been "inadequate development of the record, the issue is whether the missing evidence is significant." Santiago v. Astrue, 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing Pratts v. Chater, 94 F.3d 34, 37-38 (2d Cir. 1996)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

The ALJ's Decision states:

> Little weight is given to the report from Dr. Leon (Ex. B31F), because the severe limitations described therein are inconsistent with the claimant's conservative treatment history, mild to moderate radiology findings, and wide range of daily activities.

5

R. at 33. There is an earlier paragraph (see R. at 28) where the Decision describes Dr. Leon Conde's records but the forgoing language is the entirety of the Decision's analysis as to why little weight is given to the doctor's report.

In Burgess v. Astrue, 537 F.3d 117 (2d Cir. 2008), however, the Second Circuit held that:

> **The ALJ and the judge may not "impose[ ] their [respective] notion[s] that the severity of a physical impairment directly correlates with the intrusiveness of the medical treatment ordered. . . .** [A] circumstantial critique by non-physicians, however thorough or responsible, must be **overwhelmingly compelling** in order to overcome a medical opinion." Id. at 134–35 (internal quotation marks omitted); see also id. at 134 (Commissioner is **not "permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion"**).

Burgess, 537 F.3d at 129 (emphasis added). Here, the Decision's sparse rationale is neither "overwhelmingly compelling" nor explicit and comprehensive enough for meaningful review, particularly given other findings in Dr. Leon Conde's records, as noted by the defendant:

> Dr. Conde stated that her opinions were **based on MRI findings** as well as **clinical evidence** of low back pain that occurred daily, worsened with movement, and was exacerbated by anxiety and depression (Tr. 1740-1741, 1744). Indeed, an MRI [dated December 16, 2014] revealed multilevel degenerative spondylosis, an L5-S1 asymmetric annular bulge to the right causing moderate to severe compression of the right L5 foraminal nerve root, and moderate to severe facet degenerative changes at multiple levels in the mid-to-low lumbar spine (Tr. 1698-1699). Physical examinations also confirmed pain with lumbar flexion and extension as well as absent sensation to monofilament testing in multiple areas of the left foot (Tr. 1466); decreased range of motion,

6

>   positive left straight leg raising test, and absent
>   sensation in the lateral aspect of the left foot (Tr.
>   1451); decreased range of motion in the lumbar spine due to
>   discomfort (Tr. 1706); and, decreased sensation to
>   vibration in both ankles (Tr. 1442).

Pl.'s Mem. to Reverse (Doc. No. 14-2) at 2. Dr. Leon Conde also noted that the plaintiff was referred to orthopeadics and that she was "not a candidate for surgery". R. at 1740, 1741. The record reveals that surgical intervention was considered and not recommended because "the results would be quite unpredictable due to the **chronicity of her pain**." R. at 1707 (emphasis added). The ALJ makes no mention of this evidence in explaining why she chose to give little weight to Dr. Leon Conde's opinion. Given the "inconsistencies" noted by the ALJ and the conflicting information suggesting that surgery, a non-conservative treatment, had been considered, the ALJ had an affirmative duty to develop the record by making every reasonable effort to re-contact the treating source for clarification. If asked, Dr. Leon Conde may have been able to provide persuasive medical explanations supported by clinical findings for the limitations at issue, which may have led to a different residual functional capacity ("RFC").

As to the rationale that the plaintiff could perform a wide range of daily activities, "it is well-settled that '[s]uch activities do not by themselves contradict allegations of disability,' as people should not be penalized for enduring the

7

pain of their disability in order to care for themselves." Knighton v. Astrue, 861 F. Supp. 2d 59, 69 (N.D.N.Y. 2012)(remanded because ALJ prematurely found plaintiff's contentions not fully credible due to ability "to perform daily activities like caring for pets, preparing simple meals, driving a vehicle, and helping with household chores" and citing Woodford v. Apfel, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000) and Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) ("We have stated on numerous occasions that 'a claimant need not be an invalid to be found disabled' under the Social Security Act.")). As noted by the plaintiff:

> [T]he ALJ **failed to explain how Ms. Cowles' activities of daily living contradict the opinions from Dr. Conde** (Tr. 33). Ms. Cowles gave uncontradicted testimony that she has pain even when simply performing household chores such as dusting and requires rest periods in order to complete them (Tr. 49-50, 57). In addition, she needs help from her fiancé to do laundry and prepare[] meals (Tr. 56-57). During the day, she spends most of her time at home watching television (Tr. 58). These are hardly significant activities of daily living. See Murdaugh v. Sec. of Dep't of HHS of U.S., 837 F.2d 99, 102 (2d Cir 1988) (fact that Plaintiff "waters his landlady's garden, occasionally visits friends and is able to get on and off an examination table can scarcely be said to controvert the medical evidence" of disability); Archambault v. Astrue, 09 Civ. 6363, 2010 WL 5829378 *30 (S.D.N.Y. Dec. 13, 2010) ("The ALJ also remarked . . . plaintiff's reported activities of daily living, which included self-care, childcare duties, a few household chores, and some pastimes, indicate that 'he is not debilitated.' Plaintiff's **ability to engage in certain limited daily activities does not provide evidence of his ability to perform sedentary work unless he can perform those daily activities at a level consistent with the demands of sedentary work**. As the ALJ failed to discuss the rigor of plaintiff's daily activities and **presumed** that

8

> those activities demonstrated a lack of disability, she **committed legal error**" (citations omitted)), R&R. adopted, 2011 WL 649665 (S.D.N.Y. Feb. 17, 2011); Brown v. Comm'r of Soc. Sec., No. 06-CV-3174, 2011 WL 1004696 *4 (E.D.N.Y. Mar. 18, 2011) ("[E]ven to the extent that [Plaintiff's] daily activities were properly considered, the ALJ failed to place the burden on the Commissioner to show that those activities were evidence of residual functional capacity to perform full-time sedentary work").

Pl.'s Mem. to Reverse (Doc. No. 14-2) at 4-5. The court agrees. On remand, if the ALJ concludes that Dr. Leon Conde's opinion merits less than controlling weight, she should explicitly and comprehensively set forth the reasons why the plaintiff's activities of daily living discredit the doctor's opinion that the plaintiff's impairments limit her ability to work 8 hours a day 5 days a week.

The plaintiff also points to the ALJ's failure to analyze all factors set forth in § 404.1527(c). The court agrees that this warrants remand:

> The ALJ failed to discuss these factors and they certainly do not support rejection of the treating source opinions. Dr. Conde has treated Ms. Cowles regularly since June 2015 (Tr. 145) and Plaintiff received treatment at the same facility where she saw this doctor since at least October 26, 2012 (Tr. 1618-1619). The nature of the treatment focused on Plaintiff's disabling spinal condition documented by MRI as well as clinical findings. Dr. Conde provided support for her opinions (Tr. 1740-1744). And, as discussed above, those findings are confirmed by the longitudinal treatment records.

Pl.'s Mem. to Reverse (Doc. No. 14-2) at 6.

9

For the reasons set forth above, the court finds that the ALJ failed to provide "good reasons" for giving Dr. Leon Conde's opinion less than controlling weight.

On remand the ALJ should apply the correct legal standard in evaluating Dr. Leon Conde's opinion (analyze all factors, develop the record, inquire about evidentiary ambiguities, inconsistencies and conflicts, re-evaluate activities of daily living, set forth rationale sufficiently explicitly and comprehensively to allow for meaningful review) and address the parties' arguments with respect to the weight given to treating mental health sources and nonexamining state agency medical consultants, the credibility determination, and the RFC findings, as appropriate.

For the reasons set forth above, the plaintiff's Motion for Judgment on the Pleadings (Doc. No. 14) is hereby GRANTED, and Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. No. 19) is hereby DENIED. This case is hereby REMANDED to the Commissioner for proceedings consistent with this order.

The Clerk's Office is instructed that, if any party appeals to this court the decision made after this remand, any subsequent social security appeal is to be assigned to the undersigned.

The Clerk shall close this case.

It is so ordered.

Dated this 24th day of September 2018, at Hartford, Connecticut.

                                                    /s/AWT
                                        Alvin W. Thompson
                               United States District Judge